United States District Court
Southern District of Texas
**ENTERED**
May 24, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES LANEIL BROWN, | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-0892 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner filed a *pro se* section 2241 habeas petition challenging his 2011 Harris County conviction and fifty-year sentence for aggravated sexual assault. Because petitioner challenges the constitutionality of a state court conviction, the Court construed the petition as one brought pursuant to 28 U.S.C. § 2254.

Having reviewed the petition, the record, matters of public record, and the applicable law, the Court **DISMISSES** the petition as barred by limitations and for failure to exhaust.

## I. LIMITATIONS BAR

The petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(l)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

     (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

     (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

     (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

     (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(l)–(2).

Public online state court records show that petitioner was convicted of aggravated sexual assault and sentenced to a fifty-year term of imprisonment on May 20, 2011. The conviction was affirmed on direct appeal on May 24, 2012, and a petition for discretionary review was not filed. Petitioner's conviction became final on June 25, 2012, and the one-year AEDPA limitation expired on June 25, 2013, subject to tolling.

Public online state court records also show that petitioner's application for state habeas relief, filed with the trial court on May 8, 2017, was denied by the Texas Court of

Criminal Appeals on October 18, 2017. Because the application for state habeas relief was filed after expiration of the federal statute of limitations, the state habeas proceeding did not toll expiration of the AEDPA one-year limitation. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("Finally, Scott's habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the period of limitations had expired.").

Petitioner's instant federal habeas petition, filed no earlier than March 15, 2022, is untimely by nearly nine years. The Court ordered petitioner to show cause why his petition should not be dismissed as barred by the AEDPA one-year statute of limitations. In his show cause response, petitioner raises a multitude of generic and unclear legal arguments without providing factual support. (Docket Entry No. 6.) His conclusory arguments provide no legal or factual basis for holding his federal habeas petition timely filed, nor does he argue or show meritorious grounds for application of equitable tolling. *See, e.g., Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000).

With the benefit of liberal construction, petitioner further argues that his "actual innocence" constitutes grounds for avoiding the limitations bar. In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in section 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo*, 513 U.S. 298, 329 (1995). A habeas petitioner who seeks to surmount a limitation bar through a showing of actual innocence must support his allegations with new, reliable evidence that was not

3

presented at trial and must show that, in light of this new evidence, it is more likely than not

that no juror, acting reasonably, would have voted to find the petitioner guilty beyond a

reasonable doubt. *See Schlup*, 513 U.S. at 326–27 (1995). "Actual innocence" in this

context refers to factual innocence and not mere legal insufficiency. *Bousely v. United

States*, 523 U.S. 614, 623–24 (1998).

In asserting actual innocence as grounds for holding his petition timely filed,

petitioner states the following in his show cause response:

> 7.     Petitioner "Re: MINDS" The Court that his 2241 Form (and Exhibits):
> proves "Actual Innocence": A doctrine that "defeats" the 1-year
> limitations" (in void Order: 2244(d)–(1): See: DELO: 513 U.S. 290
> ("Actual Innocence": PERKINS: 569 U.S. 383: "Exceptional
> Circumstances" (being: "Actual Innocence" (1-year: Not Apply)"

(Docket Entry No. 6, p. 3) (verbatim). This truncated argument fails to meet the exacting

standards of proof required by Supreme Court and Fifth Circuit precedent.

The Court will next look to petitioner's habeas petition for proof of actual innocence

under *Perkins* and *Schlup*. In support of his habeas claims, and in attempting to establish

actual innocence, petitioner relies on a 2019 affidavit of a private medicolegal consultant,

Harry J. Bonnell, M.D. Bonnell stated in the affidavit that, after reviewing portions of the

trial testimony of a nurse practitioner, a DNA analyst, and the complainant in petitioner's

case, he was of the opinion that the nurse practitioner "lied" in saying that he acted

independently without physician supervision, and that he was "incompetent" or "again

commit[ted] perjury" in saying that he would have been unable to observe certain physical

4

injuries during his examination of the complainant.   Bonnell further opined that the complainant "perjured herself" in saying she sustained certain physical injuries, and that the DNA lab test exhibit he reviewed was missing two pages, indicating "a *Brady* violation regarding this discovery." He stated that the exhibit did not disclose the number of matched or unmatched loci.  Bonnell did not address whether witnesses provided the "missing" loci information through trial testimony or other exhibits, nor did he discuss the significance of matched and unmatched loci. (Docket Entry No. 1, pp. 10–11.)

Bonnell's affidavit falls well short of providing new, reliable evidence that shows it more likely than not that no juror, acting reasonably, would have voted to find petitioner guilty of aggravated sexual assault beyond a reasonable doubt. *See Schlup*, 513 U.S. at 326–27.   Bonnell's disagreements with certain testimony or his disputes with the completeness of an exhibit do not rise to the level of proving petitioner's actual innocence. Petitioner's federal habeas claims are **DISMISSED WITHOUT PREJUDICE** as barred by the one-year AEDPA statute of limitations.

## II.   FAILURE TO EXHAUST

Moreover, petitioner failed to exhaust his pending claims through the state courts prior to filing this federal habeas lawsuit.  *See* 28 U.S.C. § 2254(b)(1)(A).   As noted above, petitioner bases his current habeas claims and his assertions of actual innocence on Bonnell's affidavit opinions.   The affidavit was signed in May 2019.   Public on-line records for the Texas Court of Criminal Appeals reveal that the court denied petitioner's application for state

habeas relief in October 2017.  No subsequent post-conviction proceedings appear in the court's records.  Thus, it is clear that petitioner has not presented his actual innocence and other Bonnell-based habeas claims to the Texas Court of Criminal Appeals.  Consequently, petitioner's habeas claims are **DISMISSED WITHOUT PREJUDICE** in the alternative for failure to exhaust.[1]

### III.  CONCLUSION

For the above reasons, the petition for habeas relief is **DISMISSED WITHOUT PREJUDICE** as barred by limitations.  In the alternative, the petition is **DISMISSED WITHOUT PREJUDICE** as unexhausted.  Any and all pending motions are **DISMISSED AS MOOT**.  A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the ___23rd___ day of May, 2022.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[1]Given the nature of petitioner's pending habeas claims, the Court declines to find that the Texas Court of Criminal Appeals would necessarily dismiss petitioner's application for state habeas relief as an abuse of the writ.  Therefore, the Court will not dismiss petitioner's federal habeas claims as procedurally defaulted at this time.